# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) 3:22-CR-21 |
| MARCOS MONARREZ-MENDOZA; SAMUEL AGUIRRE; ROBERT FOSTER; DONALD GARWOOD; ERIVAN GUERRERO; BRYCE HILL; CESAR MONARREZ; MARCOS MONARREZ, JR.; STEPHANIE ORTIZ; HEAVEN WEST; CARLOS ZAMORA; HUMBERTO ARREDONDO-SOTO; DONNELL COLLINS; MOHAMED KARIYE; JESUS LOPEZ; DIEGO MONARREZ; JAMES PINKSTON; JESUS REMIREZ; DIAMOND WILLIAMS-DORSEY; LUIS CARLOS FENTANES; JESUS AARON GARCIA; JAIME LEDESMA; ADRIAN LOPEZ RIVERA; and MICHELE SOTO, | ) |
| Defendants. | ) |

## OMNIBUS ORDER ON PRETRIAL MOTIONS

The Court issues this omnibus order resolving the following pretrial motions filed by Defendants Cesar Monarrez, Bryce Hill, Carlos Zamora, and Jesus Ramirez:

- Cesar Monarrez
    - Motion to Compel Production of Brady Material (ECF 1605)
    - Motion for Early Release of Jencks Material (ECF 1606)
    - Motion for Discovery and Proffer of Government's Expert Witness Testimony (ECF 1607)
    - Motion for Joinder in Motions of Co-Defendants (ECF 1608)
    - Motion for Leave to File Additional Pre-Trial Motions Following Full Disclosure of Discovery (ECF 1609)
    - Motion for Notice Pursuant to Rule 12(b) of the Federal Rules of Criminal Procedure for Notice of the Government's Intention to Use Evidence Subject to a Motion to Suppress (ECF 1610)
    - Motion for Notice Pursuant to Rule 404(b) of the Federal Rules of Evidence (ECF 1611)
    - Motion for Disclosure of Promises of Leniency and/or Existence of Plea Bargain Agreements (ECF 1612)

- o   Motion to Preserve Agents' Rough Notes (ECF 1613)

- Bryce Hill
    - o   Motion for Disclosure of Brady Materials (ECF 1615)
    - o   Motion to Compel Government Agents and State and Local Law Enforcement Officers to Retain and Preserve All Rough Notes, Writings, Emails and Text Messages (ECF 1617)
    - o   Motion for Early Disclosure of Jencks Material (ECF 1618)
    - o   Motion to Compel Government to Provide Defendant with Written Statement of Uncharged Misconduct Evidence and/or F.R.E. 404(B) Evidence and for Pretrial Production of Such Evidence (ECF 1619)
    - o   Motion for Joinder in Pretrial Motions of Co-Defendants (ECF 1620)

- Carlos Zamora
    - o   Motion for Early Release of Jencks with Citation to Authority (ECF 1599)
    - o   Motion for Preservation and Production of Rough Notes with Authority (ECF 1600)
    - o   Motion for Pretrial Discovery (ECF 1601)
    - o   Motion for Production of Exculpatory Evidence and Impeachment Evidence (ECF 1602)
    - o   Motion to Produce Evidence that the Government Intends to Use under Federal Rules of Evidence 404(B) and 609 with Citation to Authority (ECF 1603)
    - o   Motion for Disclosure of Agreements between the Government and the Government's Witnesses (ECF 1604)

- Jesus Ramirez
    - o   Motion for Joinder in Motions of Co-Defendants (ECF 1614)

The Court will grant in part and deny in part the motions, as follows.

## I. Mr. Hill and Mr. Ramirez's motions to join co-Defendants' pretrial motions (ECF 1614, 1620)

The Court previously granted Mr. Ramirez's motion to join his co-defendants' motions. ECF 1624. The Court hereby also grants Mr. Hill's motion to join and adopt his co-defendants' pretrial motions (ECF 1620).

## II.   Mr. Monarrez's pretrial motions (ECF 1605, 1606, 1607, 1608, 1609, 1610, 1611, 1612, 1613)

On June 16, 2025, Mr. Monarrez pled guilty to Count I of the Second Superseding Indictment. ECF 1640. Accordingly, the motions filed by Mr. Monarrez are denied as moot as to Mr. Monarrez. But because Mr. Hill and Mr. Ramirez have joined Mr. Monarrez's motions, the Court will address those motions as to Mr. Hill and Mr. Ramirez.

## III.   Mr. Zamora's motion for pretrial discovery (ECF 1601)

Mr. Zamora, joined by Mr. Hill and Mr. Ramirez, moves for discovery under Federal Rule of Criminal Procedure 16. The government argues that Defendants' list of requested materials goes far beyond what it is required to produce, and represents that it has comported with the requirements of Rule 16 thus far. ECF 1664, pp. 4, 7.

The Court agrees with the government that at least some of the information requested in Mr. Zamora's motion would appear to exceed the scope of permissible Rule 16 discovery, *i.e.*, "All evidence concerning the nature and existence of any video, audio or electronic surveillance, pursuant to state or federal law[,]" and "The criminal records of any Government . . . informants or accomplices[.]" ECF 1601, p. 2.

If Defendants' requested discovery contains *Brady*, *Giglio*, or Jencks Act material, the government must provide that information at the requisite time, consistent with this Order. The motion is granted insofar as the government shall continue to comply with its Rule 16, *Brady*, and Jencks Act obligations, but is in all other respects denied.

## IV.   Motions for disclosure of *Brady* and *Giglio* materials (ECF 1601, 1602, 1604, 1605, 1612, 1615)

Mr. Hill, Mr. Zamora, and Mr. Ramirez request production of exculpatory and impeachment material pursuant to *Brady v. Maryland*, *Giglio v. United States*, and their progeny. The government acknowledges its continuing obligation to disclose

*Brady* material. ECF 1664, p. 9. The government also represents that it is aware of its obligations under *Giglio*. *Id.*, p. 10.

Impeachment material must be disclosed "in time for its effective use at trial." *United States v. Higgs*, 713 F.2d 39, 44 (3d Cir. 1983). Consistent with prior practice, the Court orders that *Brady* material be disclosed upon discovery and impeachment material (including *Giglio* material) be disclosed two weeks before trial. *See United States v. DiPippa*, No. 23-146, 2024 WL 1431385, at *1 (W.D. Pa. Apr. 3, 2024) (Ranjan, J.).

The government objects to Mr. Hill's request for information about confidential informants who may not testify at trial. ECF 1664, pp. 10-11. Mr. Hill's request in this respect is a bit vague, and is part of his motion for disclosure of *Brady* material. To begin with, if any information regarding non-testifying informants is *Brady* or *Giglio* material, then that material must be produced. *See United States v. Savage*, No. 07-550-03, 2013 WL 398914, at *3 (E.D. Pa. Feb. 1, 2013) ("As other federal courts have concluded, the privilege of the government under *Roviaro* does not abrogate the Government's duties under *Brady*."). If not *Brady* or *Giglio* material, then Mr. Hill must make a specific showing as to relevance and need of the non-testifying CI, so that the Court can balance the competing interests. Mr. Hill makes no such showing. Therefore, with the exception of any *Brady* and *Giglio* material, the government is not obligated to provide information to Defendants regarding non-testifying confidential informants. *See United States v. Epps*, 982 F. Supp. 2d 564, 568 (W.D. Pa. 2013) (Diamond, J.) (defendant failed to meet his burden to demonstrate the need for disclosure of identity of non-testifying confidential informant, because "defendant has offered nothing beyond mere speculation that any confidential informant who will not testify at trial has any information which may be helpful to his case").[1]

---

[1] At first glance, it may seem impossible for a defendant to be able to make the appropriate showing. But, as the case law bears out, typically there is enough

## V.     Motions for early disclosure of Jencks Act material (ECF 1599, 1606, 1618)

Mr. Hill, Mr. Zamora, and Mr. Ramirez request disclosure of Jencks Act material at least 14 days before trial. ECF 1599, p. 1; ECF 1618, p. 1. "The Jencks Act requires a court, upon motion of the defendant and after direct examination of a government witness, to order the United States to produce to the defense any statement of the witness in its possession which relates to the subject matter as to which the witness has testified." *United States v. Ramos*, 27 F.3d 65, 69 (3d Cir. 1994) (cleaned up). "[C]ourts lack the authority to order the early disclosure of Jencks material[.]" *United States v. Moore*, No. 23-40, 2024 WL 2785075, at *3 n.2 (W.D. Pa. May 30, 2024) (Cercone, J.). In light of this lack of authority, courts "can encourage the government to provide the defense with Jencks Act materials in time to avoid unnecessary delays during trial," or the government can agree to early disclosure. *United States v. Ramirez-Cervantes*, No. 22-226, 2023 WL 8595928, at *3 (W.D. Pa. Dec. 12, 2023) (Horan, J.).

While the Court cannot compel the government to produce Jencks Act materials 14 days before trial, the government proposes producing Jencks Act materials 10 days before trial to avoid unnecessary delays or interruptions. ECF 1664, p. 13. The Court agrees, and the motions will be granted in that the government shall produce Jencks Act material 10 days before trial consistent with the government's intention to do so.

---

information in the Rule 16 discovery to reflect potential tipsters and CI's, and their roles in the case, and it's that information that is usually proffered by a defendant to make the required showing. *See United States v. Jiles*, 658 F.2d 194, 196-97 (3d Cir. 1981) (describing the various *Roviaro* scenarios). Mr. Hill does not point to any specific facts or discovery material here, and so cannot meet his burden.

## VI. Motions to produce Rule 404(b) and Rule 609 evidence (ECF 1603, 1611, 1619)

Mr. Hill, Mr. Zamora, and Mr. Ramirez ask for notice of evidence under Rules 404(b) and 609; Mr. Zamora requests disclosure of this material 30 days before trial (ECF 1603, p. 6) and Mr. Hill requests disclosure of this material 10 days after the entry of the order resolving the motion (ECF 1619-1). The government states that it will provide Defendants with notice of such evidence prior to trial, but requests that the Court deny the request for Rules 404(b) and 609 notice at this time. ECF 1664, pp. 15-16.

What notice is reasonable under Rule 404(b) depends on "the circumstances and complexity" of the case. *United States v. Coles*, 511 F. Supp. 3d 566, 593 (M.D. Pa. 2021). "In general, courts have found that, 'reasonable notice' under Rule 404(b) is in the range of seven to ten days or one to two weeks prior to trial." *United States v. Baldwin*, No. 22-284, 2024 WL 1003968, at *2 (W.D. Pa. Mar. 8, 2024) (Horan, J.). When a case is complex, courts have ordered more notice—for example, at least 30 days before trial. *Coles*, 511 F. Supp. 3d at 593.

Based on the nature of the allegations here, the number of defendants proceeding to trial, and the volume of discovery, the Court finds that disclosure two weeks before trial is appropriate. As such, the Court orders the government to serve its Rule 404(b) and Rule 609 notice two weeks before trial.

## VII. Motions for preservation of rough notes (ECF 1600, 1613, 1617)

Mr. Hill, Mr. Zamora, and Mr. Ramirez request an order directing the government to preserve rough notes, draft reports, emails, text messages, and writings created by federal and state law enforcement during the investigation. The government has no objections to Defendants' request for preservation of agents' rough notes.

Accordingly, the motion will be granted as to this request, and the Court will order the government to preserve rough notes and draft reports written by law enforcement under its control.

**VIII.   Motion for notice pursuant to Rule 12(b) (ECF 1610)**

Mr. Monarrez, joined by Mr. Hill and Mr. Ramirez, requests an order directing the government to provide notice of any evidence which Defendants may move to suppress pursuant to Fed. R. Crim. P. 12(b). The government states that, pursuant to Fed. R. Crim. P. 12(b) and 16(a)(1)(E), it has already produced reports documenting items of evidence that the government will likely seek to introduce in its case-in-chief at trial, including communications intercepted pursuant to Title III authority and items seized pursuant to search warrants. ECF 1664, pp. 17-18. Based on the government's representation that it has already provided Defendants with materials relating to the seizure of evidence in this case and will make itself available for a more thorough review of that evidence, the Court does not see any failure to comply with Rule 12(b)(4)(B), and so denies the motion as moot. *See United States v. Mote*, No. 7-144, 2010 WL 2404360, at *5 (M.D. Pa. June 10, 2010); *United States v. Baker*, No. 10-129, 2011 WL 2183415, at *7 (W.D. Pa. June 6, 2011) (McVerry, J.).

**IX.   Motion for disclosure of expert witness testimony (ECF 1607)**

Mr. Monarrez, joined by Mr. Hill and Mr. Ramirez, requests an order directing the government to make a proffer of the government's expert witness testimony pursuant to Fed. R. Crim. P. 16(a)(1)(G). The government submits that it expects to present expert testimony from a chemist regarding lab reports for the drug analyses conducted in this case and from a federal agent or task force officer about "interpretations of telephone calls and text messages, drug quantities, prices, and methods of drug trafficking." ECF 1664, p. 20. The government states it expects to comply with the date set by the Court for expert witness disclosure.

Rule 16 provides that time for disclosure of the government's expert witnesses "must be sufficiently before trial to provide a fair opportunity for the defendant to meet the government's evidence." Fed. R. Crim. P. 16(a)(1)(G)(ii). The motion is granted to the extent that the government shall produce any expert witness disclosures five weeks before trial.

********************

DATE: July 9, 2025　　　　　　　　　　　　BY THE COURT:

　　　　　　　　　　　　　　　　　　　　　/s/ *J. Nicholas Ranjan*
　　　　　　　　　　　　　　　　　　　　　United States District Judge